Tiburcia Susana Laviena, Domitila Ortiz Laviena and Zoila Ortiz Laviena, Plaintiffs and Appellants, *v.* Ricardo Ramos, Defendant and Appellee.

No. 3626. Argued November 4, 1925.—Decided March 26, 1926.

*F. Cervoni Gely* for the appellants. *Arturo Aponte* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Appellants brought suit to recover certain lands and to cancel a deed of conveyance purporting to have been executed by the husband and wife.

The theory of the complaint was that the wife never appeared before the notary nor in fact signed the instrument, and that the subscribing witnesses were not present at the moment of execution.

The action was begun after the death of the husband.

The trial judge found for the defendant on all controverted questions of fact and rendered judgment accordingly.

It is now urged that the court below erred:

"First: In allowing the defendant, in his cross-examination of witness Zoila Ortiz, to question her with regard to the existence of an acknowledged natural son of plaintiffs' predecessor in interest.

"Second: In admitting in evidence the birth certificate of Jesús Ortiz.

"Third: In not eliminating the hearsay testimony of witness

Jesús Ortiz, that his father had told him that he had sold the property to Ricardo Ramos.

"Fourth: In allowing attorney for the defendant to ask plaintiff Zoila Ortiz if she had any interest in winning the suit.

"Fifth: In rendering judgment contrary to the evidence."

■ Zoila Ortiz, one of the plaintiffs, on direct examination testified as follows:

"That her father did not leave any other children with the right to inherit from him except the two daughters born of his marriage with the mother of witness; that the heirs of her father were her mother and the two daughters; one of whom is the witness and the other her sister Domitila; that she knows that her father was married only once; that she does not know if her father had any natural sons at the time of his death."

From the cross-examination of this witness we take the following extract:

"That the witness is one of the heirs of Ramón Ortiz, being one of his daughters, and that the other heir is her sister Domitila; that her father was not known to have any other children and that the only persons with a right to inherit and have a claim to property of her father are Tiburcia, her mother, Domitila, her sister, and the witness, because she understands that they are the only ones who have a right upon the death of her father and mother to inherit their property.

"To the question: 'Do you know such a person as Jesús Ortiz?' counsel for plaintiffs objected because he understood that the question is responsive to an averment that could be eliminated from the answer, wherein is alleged a defect of parties defendant, to wit, Jesús Ortiz, son of Ramón Ortiz; and it is very easy to make this statement in the answer; that if it is true that such a person existed his joinder as plaintiff or defendant should have been requested; that no question referring to the said Jesús Ortiz had been propounded in the direct examination, and it would be equivalent to establishing an issue that could only be raised in a filiation suit. Moreover, the plaintiff objects to the question on the ground that the best evidence would be the birth certificate in the same way that the birth certificates of plaintiffs Domitila and Zoila Ortiz Laviena had been offered; that if the defendant wanted to show that Jesús Ortiz is the son of Ramón Ortiz, whether acknowledged or natural, he should have brought the written evidence that the law requires. The court admits the question because witness testified in her direct examination that Ra-

món Ortiz at the time of his death had no other children except plaintiffs. And defendant noted an exception.''

We find no error in this ruling nor in the reason assigned therefor by the district judge.

In connection with the second assignment we are referred to the following incident:

"As first evidence for the defendant, attorney Aponte offered the birth certificate of Jesús Ortiz, acknowledged natural son of the predecessor Ramón Ortiz, in order to show that there is a defect of parties defendant in this case, and that not all the parties are before the court; and at the same time to impeach one of the witnesses, a party to this suit, who testified that Ramón Ortiz had no other children than plaintiffs, and to show that plaintiffs are not the only heirs of said Ramón Ortiz. Plaintiffs, by their attorney Cervoni, objected to the admission of the document on the ground that such a matter would have been pertinent in a demurrer. The court admitted the document to give it whatever value it may have as evidence, and attorney Cervoni took an exception.''

Without anything more specific in the way of objection, and in view of the various purposes for which the document was offered, the error, if any, in admitting the same can hardly be regarded as ground for reversal.

The refusal to strike a portion of the testimony of Jesús Ortiz and the circumstances in which it occurred are indicated by the following recital:

"That he knows that his father, together with Tiburcia Susana Laviena, sold a property to Ricardo Ramos, that he knows this because when his father was about to sell the property to Ricardo Ramos, he called the attention of Susana Laviena to the fact that he needed her signature to sell the property, because he had received an injury and was unable to work, and she consented, telling him that he could sell the property in order to support himself, as he could not work, and they sold the property, executing a deed about a month later, here in Humacao; that the deed was executed in Humacao, and Susana Laviena made a trip from her home to Humacao, a fact that witness knows because his father told him so.

"The attorney for plaintiffs moved to strike the testimony of the witness in this regard, because it was hearsay, as the witness knows

the facts because his father told him. The attorney for defendant, Mr. Aponte, opposed the motion because according to the fourth paragraph of section 35 of the Law of Evidence this is a declaration of a deceased person made to one who derives his right and interest from the person who made that declaration and who is dead; but attorney for plaintiff withdrew his objection and then asked the following questions:

"Is your father dead or alive?—Witness: He is dead. How long has he been dead?—Two years.—Did you ever speak with your father with regard to the property that now belongs to Ricardo Ramos?—Yes, sir, we lived there together.—Did he tell you that he sold the property to Ricardo Ramos?—Yes, sir.—Mr. Cervoni:—Who told you that, Ricardo Ramos?—No, sir, I know it because we lived in the same place, and my father told me so.—What did your father tell you?—That he sold that property to Ricardo Ramos.—We now move to strike this part of the testimony, for the witness knows that his father sold the property because his father told him so.—The court:—The court overrules the motion for elimination in view of the fourth paragraph of Section 35 of the Law of Evidence.—Mr. Cervoni: We ask an exception."

That Ramón Ortiz y Santiago executed a deed of conveyance to the property in question was an undisputed fact in the case. In so far as a sale by him was concerned the error, if any, was harmless. The motion as made does not seem to go beyond this.

The original motion had been withdrawn. There was nothing in the questions that followed nor in the motion as renewed to indicate that counsel intended to include the statements made as to the participation of the wife in the sale or even to establish an exception to the rule of evidence invoked by defendant. The trial judge was entitled to know upon what ground, if any, the motion as finally made was based.

Questions intended to be urged upon appeal must be definitely raised in the court below and rulings made upon points not squarely presented will not be scrutinized by this court with a view to reversal on more or less technical grounds.

The error complained of in the fourth assignment does

**224**

not appear to have been very seriously considered by appellants and need not be discussed.

The evidence as a whole discloses no such manifest error in the weighing thereof as to warrant a reversal.

The judgment appealed from must be affirmed.